#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWIGHT COMPTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| BNSF RAILWAY COMPANY, | ) No. 07-CV-328-TCK-PJC ) ) |
| Defendant, Third-Party Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| CLAREMORE REGIONAL HOSPITAL, LLC, | ) ) |
| Third-Party Defendant. | ) |

### OPINION AND ORDER

Before the Court are the parties' simultaneous briefs regarding future damages submitted Friday, June 12, 2009 (Docs. 116, 121), as ordered by the Court at the pretrial conference. A jury trial began Monday, June 15, 2009, and this Order is being entered Tuesday, June 16, 2009, on an expedited basis.

**I.      Background**

Defendant BNSF Railway Company ("BNSF") initially moved to exclude in limine all of Plaintiff's evidence regarding future lost wages. BNSF's argument was based on Plaintiff's alleged failure to list, in its witness and exhibit list, any evidence that would assist a jury in reducing future lost wages to present value. (*See* Doc. 70, Part 13.) The Court took the matter under advisement and then orally denied the motion in limine immediately prior to trial, finding no cause to preclude all lost wages evidence at the outset of trial.

This Order addresses the more significant question presented in the parties' briefs, which will be relevant to jury instructions and any motions made at the close of evidence – namely, which party bears the burden of producing evidence to assist the jury in reducing any award of future lost wages to present value in a case arising under the Federal Employer Liability Act ("FELA"). BNSF contends that, in a FELA action, (1) a jury must be instructed to reduce an award of future lost wages to present value, (2) a plaintiff bears the burden of producing evidence to assist the jury in making this reduction, and (3) if no evidence is presented of a discount rate or other evidence to assist the jury in making a present value calculation, the court should not permit an award for future lost wages at all. Plaintiff does not dispute that a jury should be instructed to reduce an award of future lost wages to present value. (*See* Proposed Jury Instruction on "Measure of Damages," Doc. 87, at 17.) However, Plaintiff contends that he need not present any expert testimony or other evidence in order to assist the jury and that juries are capable of reducing a future lost wages award to its present value.

**II.     Discussion**

A plaintiff in a FELA action may recover future lost wages. *See Taylor v. Denver & Rio Grande W. R.R. Co.*, 438 F.2d 351, 354 (10th Cir. 1971) (holding that a plaintiff is "entitled to the difference between what he was able to earn prior to his injury and what he earned or could have earned thereafter"); *Chaffin v. Union Pac. R.R. Co.*, No. 04-3313, 2006 WL 2361614, at * 9 (10th Cir. Aug. 16, 2006) (holding that plaintiff presented sufficient evidence to reach jury as to future lost wages despite his failure to present W-2s or other evidence of actual past wages). An award for future damages under FELA must be reduced to present value. *St. Louis Sw. Ry. Co. v. Dickerson*, 470 U.S. 409, 411-12 (1985) (explaining that it is settled law that "when future payments or other

pecuniary benefits are to be anticipated, the verdict should be made up on the basis of their present value only") (quotation omitted). Thus, a court commits reversible error if it fails to "instruct the jury that present value is the proper measure of a damages award" in a FELA case. *Id.* at 412 (holding that the "Missouri courts' refusal to allow instruction of FELA juries on present value is thus at odds with federal law"); *see also Monessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 340 (1988) (reiterating rule that future damages in FELA actions must be reduced to present value); *see generally Hoskie v. United States*, 666 F.2d 1353, 1355 (arising under Federal Tort Claims Act) ("In assessing damages for loss of future earning capacity, the trier of fact must reduce a lump sum award to its present value."). In FELA cases, the jury "has the task of making the present value determination." *Morgan*, 486 U.S. at 340, 342 (holding that it was error for trial judge to instruct that a zero discount rate was applicable to future damages because such instruction "improperly took from the jury the essentially factual question of the appropriate rate at which to discount appellee's FELA award to present value").

Although "no single method for determining present value is mandated by federal law," *see Dickerson*, 470 U.S. at 412, the Supreme Court has offered guidance as to the calculation of a future lost wages award, s*ee Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 536-37 (1983) (arising under Harbor Workers' Compensation Act). Specifically, the Court in *Pfeifer* stated:

> Thus, although the notion of a damage award representing the present value of a lost stream of earnings in an inflation-free economy rests on some fairly sophisticated economic concepts, the two elements that determine its calculation can be stated fairly easily. They are: (1) the amount that the employee would have earned during each year that he could have been expected to work after the injury; and (2) the appropriate discount rate, reflecting the safest available investment. The trier of fact should apply the discount rate to each of the estimated installments in the lost stream of income, and then add up the discounted installments to determine the total award.

*Pfeifer*, 462 U.S. at 537-38; *see also generally Hoskie*, 666 F.2d at 1355 (explaining that present value is "an amount of money that can be invested in a reasonably safe long-term investment available to the average person, which ultimately will yield a sum equal to plaintiff's lost income over the span of his working life expectancy"). The Supreme Court in *Pfeifer* did not explain which party bears the burden of proof on the various components of a future damages award or provide guidance as to the proper course if neither party presents evidence to assist the jury in making a present value calculation. In *Morgan*, the Supreme Court stated that "it may be a difficult mathematical computation for the ordinary juryman to calculate interest on deferred payments, with annual rests, and reach a present cash value." 486 U.S. at 340 (quotation omitted). The Court also explained that the Supreme Court has not decided whether "the difficulty should be met by admitting the testimony of expert witnesses, or by receiving in evidence the standard interest and annuity tables in which present values are worked out at various rates of interest and for various periods covering the ordinary expectancies of life." *Id.* Thus, the Court in *Morgan* implied that some evidence was necessary but also did not explain which party bears the burden of production.

The Ninth Circuit case of *Alma v. Manufacturer's Hanover Trust Company*, 684 F.2d 622, 626 (9th Cir. 1982), provides some guidance as to the relevant burdens of production. In *Alma*, the court held:

> The fairest and most reasonable damage award is one which takes into account both the discount and the adjustment for inflation. With such an award the plaintiff is made whole without receiving a windfall at the defendant's expense. *However, this preference does not relieve either party of the burden of presenting evidence as to the award's computation. Each of the two elements must be independently established by competent evidence*.

*Id.* (emphasis added) (case arising under federal Jones Act where plaintiff alleged his injuries were caused by unsafe conditions of ship) (affirming district court's determination that, because defendant

4

presented no competent evidence of the rate, no discount was appropriate). The court indicated that a defendant bears the burden of proving the discount rate, while a plaintiff bears the burden of proving an inflation rate. *See id.* ("Where competent evidence of the discount rate is presented, but the plaintiff fails to establish an inflation rate, the trial court must, of course, discount the lump sum award to present value and make no adjustment for inflation. Similarly, where the plaintiff adequately proves the inflation factor, but the defendant fails to establish the discount rate, the lump sum must be adjusted only for inflation."). In a situation where "neither party provides competent evidence of the inflation rate or the discount rate, the district court must make a lump sum award that is not adjusted for either factor." *Id.*

In a case arising under Kansas negligence law, but in which federal law applied to the future damages issue, the Tenth Circuit adopted this approach in *Alma* and stated: "The law in the federal courts [] is that when . . . 'neither party provides competent evidence of the inflation rate or the discount rate, the district court [or the jury] must make a lump sum award that is not adjusted for either factor.'" *Miller v. Union Pac. R.R. Co.*, 900 F.2d 223, 226 (10th Cir. 1990) (quoting *Alma*) (holding that forum (federal) law applied to issue and that federal district court did not err in refusing to require jury to reduce award to present value where neither party presented evidence of discount rate).[1] Thus, the Tenth Circuit seems to have adopted the general approach in *Alma* to the issue of burdens of production on the calculation of future damages. However, after considering the parties' additional briefs, the Court agrees with BNSF that this Tenth Circuit rule requiring a non-discounted award in the absence of evidence from either party cannot be applied in the FELA

---

[1] This does not appear to be the rule in every circuit. *See, e.g., Ramirez v. New York City Off-Track Betting Corp.*, 112 F.3d 38, 41 (2d Cir. 1997) (holding that, in absence of evidence presented by either party, court must utilize a two-percent discount rate).

context. Application of such rule would run afoul of the Supreme Court precedent holding a defendant has a substantive right to a present value instruction in every FELA case. *See Morgan*, 486 U.S. at 340; *see also Miller*, 900 F.2d at 226 n.1 (seeming to imply that *Morgan* may require different result in FELA case). Nonetheless, the Court finds *Alma*, and *Miller*'s positive citation thereof, persuasive as to the relevant *burdens of production* as to a future lost wages calculation in a FELA case.

Considering the above-described authority and all authority cited in the parties' briefs, the Court holds that, in a FELA action: (1) The Court must instruct the jury to reduce any award for future lost wages to present value. *See Morgan*, 486 U.S. at 340. (2) In the absence of evidence from either party to assist the jury in reducing the future lost wages to present value, the court must instruct on present value and allow the jury to make the award based on its own experience. *See Bonura v. Sea Land Serv., Inc.*, 505 F.2d 665, 668-69 (1974) (holding that plaintiff in FELA case was entitled to future damages instruction notwithstanding plaintiff's failure to present evidence to assist jury in making such calculation and that "jurors are capable enough and aware enough of modern economics to be able to reduce gross loss to present value intelligently once they have been instructed to perform this function") (noting, however, that it is the "better practice" to present the jury with expert testimony or actuarial tables); *Heater v. Chesapeake and Ohio Ry. Co.*, 497 F.2d 1243 (7th Cir. 1974) (same); *Duncan v. St. Louis-San Francisco Ry. Co.*, 480 F.2d 79, 87 (8th Cir. 1973) (same); *Penn. R.R. Co. v. McKinley*, 288 F.2d 262, 265 (6th Cir. 1961) (same).[2]  (3) If the defendant wishes the jury to consider evidence that would assist the jury in reducing a future lost

---

[2] There exists contrary Third Circuit authority. *See Ballantine v. Central R.R. of New Jersey*, 460 F.2d 540, 544 (3d Cir. 1974).

wages award to its present value, the defendant bears the burden of producing such evidence. *See Alma*, 684 F.2d at 626; *Miller*, 900 F.2d at 226; *cf. Hoskie*, 666 F.2d at 1355 (noting that *defendant*'s expert testified regarding the relevant discount rate applied to a loss of earning capacity award).[3] In this Court's view, the most sensible approach is to require a plaintiff to present any evidence that would *increase* a future damages award, such as an inflation rate, and a defendant to present any evidence that would *reduce* an award, such as a discount rate. Thus, Plaintiff's failure to present evidence to assist the jury in reducing a future lost wages award to its present value will not preclude a future lost damages award in this case. This ruling does not prohibit BNSF from challenging the general sufficiency of Plaintiff's evidence regarding future damages at the close of his case-in-chief. Nor does it preclude arguments regarding the proper method of instructing the jury.

In the event the Court ruled against it on this issue, BNSF requested to submit evidence in the form of Exhibit B to its supplemental brief. Such exhibit consists of (1) a "Lost Wage Calculation" prepared by BNSF based on a 4.71% Municipal Bond interest rate, and (2) a "U.S. Financial Data" chart showing interest rates for various types of investments. Due to the lack of clear Tenth Circuit guidance and the Court's belief that a jury will be greatly assisted by such evidence, the Court exercises its discretion to allow BNSF to submit this evidence through an appropriate witness, despite its late identification. The proposed exhibit will not unnecessarily prolong or complicate the trial. In order to minimize prejudice to Plaintiff, Plaintiff will be permitted to argue, based on the exhibit, that a different interest rate is appropriate and that BNSF's

---

[3] There exists contrary Third Circuit authority. *See Gorniak v. Nat'l R.R. Passenger Corp.*, 889 F.2d 481, 486 (3d Cir. 1989) (explaining, in FELA action, that a "plaintiff bears the burden of producing evidence from which the trier of fact may make a rational reduction to present value of a lost earnings award").

7

proposed rate does not reflect the "safest available investment." *See Pfeifer*, 462 U.S. at 537-38; *see also Morgan*, 486 U.S. at 342 (jury must make factual determination of appropriate discount rate). This preliminary ruling regarding admission of the exhibit does not preclude any other objections to its admission, which may be raised when such exhibit is presented at trial.

**ORDERED this 16th day of June, 2009.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**